PÉREZ HERMANOS, DEMANDANTE Y APELANTE, *v.* ARENAS, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre cobro de saldo de cuenta (mociones sobre corrección de autos y eliminación.)

No. 2551.—Resuelto en febrero 9, 1922.

CORRECCIÓN DE AUTOS EN APELACIÓN—INTERPRETACIÓN DE LAS REGLAS 55 Y 56 DEL REGLAMENTO DEL TRIBUNAL SUPREMO.—Los errores susceptibles de corrección en esta Corte Suprema de acuerdo con las secciones 55 y 56 de su Reglamento, son los que puedan haberse cometido en las copias y que aparezcan evidentes, o aquéllos que consistan en omisiones de partes del documento original—exposición o pliego aprobados—de los autos en general que forman parte del legajo de la sentencia o de algún otro documento independiente y debidamente autenticado propio o necesario para la apelación; pero no es invocando tales reglas como podría eliminarse una prueba que se incluyó en la exposición del caso preparada por el apelante, que la parte contraria permitió sin objeción alguna que quedara incluída y que el juez sentenciador certificó que era correcta.

ID.—REGLA GENERAL.—La regla general es que un caso o exposición de hechos en apelación no puede ser enmendado o alterado en la corte de apelación, porque esa corte debe recibir y actuar sobre el caso aprobado tal como viene de la corte inferior, tomándolo como la expresión de la absoluta verdad. Pero la

corte puede, si se le pide, conceder un tiempo razonable para solicitar una corrección de la corte inferior. En algunas jurisdicciones si cualquiera de las partes se siente perjudicada por la inserción u omisión de materias en la exposición tal como fué aprobada por el juez sentenciador, puede solicitar, mediante petición a la Corte Suprema, establecer una exposición adecuada respecto a dichas materias.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. A. Agosto.*

Abogado del apelado: *Sr. José de Guzmán Benítez.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

La parte demandada y apelada archivó dos mociones que se vieron conjuntamente el 6 de febrero actual. Una sobre adición de la transcripción y otra sobre eliminación de cierto documento contenido en la misma. La parte demandante y apelante se allanó a la primera y se opuso a la segunda.

1. No hay duda alguna que la transcripción puede y debe adicionarse en este caso con la copia certificada acompañada a la moción, contentiva de la resolución que expresa los fundamentos que tuvo el juez sentenciador para decidir el caso en la forma en que lo hizo.

2. En la moción sobre eliminación se alega textualmente: ''Que por error o inadvertencia, sin duda, se ha hecho figurar en el record de esta apelación la copia de una cuenta que aparece del folio 2 al folio 4, la que no fué presentada como prueba, según resulta de la misma exposición del caso preparada por el apelante.'' La moción no está jurada.

El apelante al oponerse a la eliminación sostuvo que esta corte en el estado en que se encontraba el procedimiento no tenía jurisdicción para acordar lo que se pedía por el apelado.

Los artículos 55 y 56 del Reglamento de este tribunal que tratan sobre corrección de autos, dicen así:

''55. Con objeto de corregir algún error o defectos de las copias de los autos (*transcript of record*) cualquiera de las partes puede proponer lo mismo por escrito, en moción presentada al Secretario;

y si hubiera causa suficiente, el tribunal dictará resolución ordenando que el secretario o funcionario que deba hacerlo, remita a
este tribunal copia certificada del todo o parte de los autos, según
se le exija, o dicha certificación podrá presentarse sin que sea necesario ordenarlo.''

''56. Si el abogado de la parte contraria estuviere ausente o si
se discutieren los hechos del error o defecto alegado, la proposición
escrita deberá acompañarse de una declaración jurada por la que
conste que tal error o defecto existe, a menos que con ella se presente copia certificada de las omisiones cometidas.''

Basta la simple lectura de dichos artículos para comprender el alcance de los mismos. Las exposiciones del caso
se preparan como se preparó ésta en la corte sentenciadora.
En su preparación intervienen, como intervinieron en ésta,
las partes interesadas, y finalmente son aprobadas, como
ésta fué aprobada, por el juez que decidió el litigio que certifica además su corrección, de acuerdo con la ley. Una vez
aprobadas y certificadas, no deben ni pueden ser alteradas
en esta Corte Suprema sin la intervención del juez sentenciador. Los errores que aquí se corrigen por medio de moción son los que puedan haberse cometido en las copias y
que aparezcan evidentes, o aquellos que consistan en omisiones de partes del documento original—exposición o pliego
aprobados—, de los autos en general que forman parte del
legajo de la sentencia o de algún otro documento independiente y debidamente autenticado propio o necesario para
la apelación, como sucede en el caso de la petición del mismo
apelado sobre adición de los autos que acabamos de estudiar.

No es por medio de la moción sobre corrección de autos
que autorizan las reglas de esta corte como podría eliminarse
una prueba que se incluyó en la exposición del caso preparada por el apelante, que la parte contraria permitió sin
objeción alguna que quedara incluída y que el juez sentenciador certificó que era correcta. Para tales casos, que sólo
muy raras veces se concibe que puedan ocurrir, la ley otorga
recursos apropiados.

"La regla general," dice Corpus Juris, "es que un caso o exposición de hechos en apelación no puede ser enmendado o alterado en la corte de apelación, porque esa corte debe recibir y actuar sobre el caso aprobado tal como viene de la corte inferior, tomándolo como la expresión de la absoluta verdad. Pero la corte puede, si se le pide, conceder un tiempo razonable para solicitar una corrección de la corte inferior. En algunas jurisdicciones si cualquiera de las partes se siente perjudicada por la inserción u omisión de materias en la exposición tal como fué aprobada por el juez sentenciador, puede solicitar mediante petición a la Corte Suprema, establecer una exposición adecuada respecto a dichas materias." 4 C. J., sec. 2035, pág. 371.

Además examinada la exposición no resulta de ella que la prueba de que se trata no fuera presentada y admitida. Se presentó y admitió un libro de cuentas y de ese libro se' tomó y transcribió lo pertinente al caso.

Por virtud de todo lo expuesto debe declararse con lugar la moción sobre adición y sin lugar la moción eliminatoria.

> *Con lugar la moción sobre corrección de autos*
> *y denegada la moción sobre eliminación.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.