Fidel Gerena, como defensor de la menor María Eladia González, demandante y apelado, v. Bartolc Suau, demandado y apelante.

No. 3834.—*Sometido:* Febrero 12, 1926. *Resuelto:* Marzo 4, 1926.

1. Apelación y Error—Récord y Proced.mientos que no Están en Récord—Defectos, Objeciones, Enmienda y Corrección—Tiempo Oportuno para Presentar Moción de Corrección—Ante el Supremo.—Propuestas ciertas enmiendas a una transcripción de la evidencia antes de su aprobación, y rehusadas aquéllas por el tribunal inferior, entonces es el tiempo oportuno para presentar al Supremo moción sobre corrección de autos y no después que el *transcript* de apelación se ha radicado en dicho tribunal.

2. Apelación y Error—Récord y Proced.mientos que no Están en Récord—Defectos, Objeciones, Enmienda y Corrección—Corrección en el Tribunal de Apelación—Moción de Corrección Tardía.—Certificado por los abogados no sólo la corrección sino que son completos los autos de apelación, y radicado el *transcript* como fué aprobado por el tribunal inferior, cualquier tentativa para corregirlo en el Supremo es tardía, especialmente cuando la corte inferior consideró la cuestión y desestimó la petición de corrección.

Moción sobre corrección de autos en apelación. *Sin lugar.*

*José D. Rodríguez,* abogado del apelante; *García Méndez & García Méndez,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En este caso fué dictada sentencia contra Bartolo Suau en diciembre 30, 1924 y apelada por él en enero 27, 1925. El apelante optó por incorporar la evidencia por medio de notas taquigráficas y estas notas fueron subsiguientemente archivadas en la corte de distrito de Aguadilla por el taquígrafo el día 9 de noviembre de 1925. En diciembre 14, 1925 consta una resolución de la corte que expresa que el demandado-apelante radicó un proyecto de enmiendas que él deseaba hacer. La corte de distrito, según aparece, denegó las propuestas enmiendas y el mismo día, o sea en diciembre 14, en una resolución por separado incorporó las notas taquigráficas como fueron aprobadas haciéndolas formar parte del legajo de la sentencia.

El día 28 de enero de 1926 como aparece de la transcripción, ambos abogados certificaron que los autos eran copia fiel y correcta, mencionando en dicha certificación de haber sido aprobada una transcripción de la evidencia por la corte de distrito.

En febrero 1, 1926 la transcripción como había sido certificada fué radicada en esta corte, y podemos presumir de modo concluyente que los autos fueron así archivados por el propio apelante.

[1] Con estos antecedentes se presenta ahora el apelante en febrero 8, 1926 y pide mediante moción que se enmiende el récord. Aparece, como hemos dicho, que después que la transcripción de la evidencia quedó en poder de la corte inferior y antes de la aprobación el apelante trató de que la misma fuera corregida y propuso enmiendas. Al rehusar la corte hacer las enmiendas y después de la aprobación el apelante presentó una moción de reconsideración que

fué a la vez desestimada.  Las presunciones todas están a favor de la deliberada actuación de la corte inferior.

Tenemos ante nuestra consideración unos autos debidamente certificados y completos y la moción de corrección de autos como ha sido presentada es insuficiente.  Quizás si el apelante hubiera presentado su moción a tiempo, o sea, cuando la corte se negó a admitir las enmiendas, este tribunal por apelación, o preferentemente quizás por virtud del artículo 64 de nuestro Reglamento, hubiera de acuerdo con el mismo, haber estado en condiciones de considerar la presente moción.  Bajo esa regla el apelante debe poner a esta corte *prima facie* mediante affidavits o de otro modo en condiciones de poder corregir la transcripción de la evidencia.  La demostración hecha en la moción ante nuestra consideración es enteramente inadecuada para cualquier fin.

Una propuesta adición o corrección de los autos no puede servir al apelante.  Las secciones 55 y 56 de nuestro Reglamento sólo autorizan tales correcciones de la transcripción como aparecen de los autos en la corte inferior.  Tuvimos ocasión de considerar una situación semejante en el caso de *Pérez Hermanos* v. *Arenas,* 30 D.P.R. 102.  Dijimos en la página 104 lo siguiente:

"No es por medio de la moción sobre corrección de autos que autorizan las reglas de esta corte como podría eliminarse una prueba que se incluyó en la exposición del caso preparada por el apelante, que la parte contraria permitió sin objeción alguna que quedara incluída y que el juez sentenciador certificó que era correcta.  Para tales casos, que sólo muy raras veces se concibe que puedan ocurrir, la ley otorga recursos apropiados.

" 'La regla general,' dice Corpus Juris, 'es que un caso o exposición de hechos en apelación no puede ser enmendado o alterado en la corte de apelación, porque esa corte debe recibir y actuar sobre el caso aprobado tal como viene de la corte inferior, tomándolo como la expresión de la absoluta verdad.  Pero la corte puede, si se le pide, conceder un tiempo razonable para solicitar una corrección de la corte inferior.  En algunas jurisdicciones si cualquiera de

las partes se siente perjudicada por la inserción u omisión de materias en la exposición tal como fué aprobada por el juez sentenciador, puede solicitar mediante petición a la Corte Suprema, establecer una exposición adecuada respecto a dichas materias.' 4 C. J. sec. 2035, pág. 371.''

[2] Además, el apelante se unió a sus opositores certificando que los autos eran completos y radicó en esta corte la transcripción como fué aprobada. Bajo estas circunstancias cualquier tentativa para corregir la transcripción de la evidencia llega demasiado tarde, especialmente toda vez que la corte inferior ha considerado la cuestión y desestimado la petición de corrección de autos.

Incidentalmente podemos decir que era el deber del apelante inspeccionar las notas transcritas prontamente y entonces haber tratado de hacer la corrección antes del día señalado para la vista sobre las mismas. No hay ninguna demostración aquí de alguna entrevista con el taquígrafo o tentativa para que explicara o admitiera, o negara la corrección de dichas notas.

La moción de corrección de autos *debe ser declarada sin lugar.*