EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GILBERTO RIVERA GONZÁLEZ (*a*) GARATA y JOSÉ SERPA ÁLVAREZ, acusados y apelantes.

Números 15642–649

*Sometido:* 8 de noviembre de 1954. *Resuelto:* 17 de diciembre de 1954.

*Santos P. Amadeo* y *Rafael V. Pérez Marchand,* abogados de los apelantes; *Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

PER CURIAM: En la moción radicada por los acusados con fecha primero de noviembre del año en curso nos informan que en 12 de agosto de 1952 fueron convictos de cuatro delitos de asesinato en primer grado y de cuatro delitos de ataque para cometer asesinato; que el día 25 del mismo mes y año apelaron para ante este Tribunal y siguiendo los trámites de ley la transcripción de evidencia fué aprobada por el juez sentenciador y la transcripción de autos elevada en su oportunidad a este Tribunal; que su alegato ya ha sido radicado ante nos y que el del fiscal está pendiente de radicación; que entre los errores señalados por ellos figura el de que: "El juez sentenciador erró al separar a los acusados del abogado defensor imposibilitando de esta manera a tener una asistencia legal activa y efectiva según lo requiere el Artículo 2, Sección 11 de la Constitución de Puerto Rico, las Enmiendas Quinta y Décimocuarta de la Constitución de los Estados Unidos y el art. 11, inciso 2 del Código de Procedimiento Criminal de Puerto Rico"; que ese error está basado en una orden dada por el tribunal sentenciador a su márshal a virtud de la cual éste puso a los acusados detrás de cierta baranda de alrededor de diez pulgadas de ancho que existe

en su sala de sesiones; que dicho tribunal ordenó que se tomara una fotografía del sitio donde estarían situados los acusados y sus abogados defensores; que esa fotografía nunca se tomó y por consiguiente no fué elevada a este Tribunal; que el 27 de octubre de 1954 los fiscales especiales de la Secretaría de Justicia presentaron ante el Tribunal Superior, Sala de Arecibo, que fué donde se les juzgó, una moción en la cual luego de copiar el señalamiento de error antes reseñado y de hacer referencia a la orden del tribunal citada, alegan que el señalamiento de error antes indicado está fundado en que los acusados fueron coartados en su derecho a tener la debida asistencia de abogado durante el transcurso del juicio; que el Tribunal Supremo no tiene ante sí datos ni factores suficientes para quedar informado de la distancia que medió entre los acusados y su abogado defensor una vez dictada y cumplimentada la orden de referencia; que a los fines de que el Tribunal Supremo tenga un cuadro claro de la situación surgida, es indispensable que el Tribunal Superior dicte una orden dirigida a los fiscales suscribientes, a los acusados, y a sus abogados durante la vista de la causa y en apelación, para que comparezcan en la fecha que el Tribunal Superior tenga a bien señalar para hacer una reconstrucción de los hechos y situación surgida, y para que luego de la intervención correspondiente de las partes los mismos sean aprobados y certificados por el Tribunal Superior y elevados al Tribunal Supremo como parte de los autos; y que de no accederse a esa moción, El Pueblo de Puerto Rico estará en franca desventaja en la apelación interpuesta.

Continúan alegando los apelantes que el propósito de la moción de los fiscales es incorporar a la transcripción de evidencia el incidente relacionado con la orden separando a los acusados de su abogado, así. como la fotografía que el juez ordenó se tomara y que nunca se tomó; que la moción de los fiscales es improcedente y que además el Tribunal Superior no tiene jurisdicción para conceder lo solicitado.

En respuesta a esa moción de los acusados, en 2 de noviembre señalamos una vista para el día 8 del mismo mes a las nueve de la mañana, y ordenamos al Tribunal Superior, Sala de Arecibo, que se abstuviera de considerar la moción radicada por El Pueblo con fecha 27 de octubre de 1954 hasta nueva orden de este Tribunal. La vista fué celebrada y luego de radicarse por las partes sendos memorándums la cuestión quedó definitivamente sometida a nuestra consideración.

El art. 356 del Código de Enjuiciamiento Criminal, según quedó enmendado por la Ley núm. 4 de 1925 (pág. 109) y la número 10 de las Reglas de este Tribunal regulan el procedimiento que ha de seguirse para elevar a este Tribunal los autos de cualquier caso criminal apelado ante nos. En este caso ya esa transcripción ha sido elevada. El objetivo de la moción de los fiscales no es otro que corregir la misma. Sobre corrección de los autos la Regla 13 nuestra dispone que "con objeto de corregir algún error o defecto . . . , cualquiera de las partes puede solicitar, en moción presentada al secretario, que se verifique la corrección; y si hubiera causa suficiente, el Tribunal dictará resolución ordenando que el secretario haga la corrección de que se trate, o que el funcionario que deba hacerla, remita a este Tribunal copia certificada de todo o partes de los autos, según se le exija, o dicha certificación podrá presentarse por cualquier parte sin que sea necesario ordenarlo."

Antes de elevarse la transcripción de autos a este Tribunal, el tribunal sentenciador tiene plena autoridad para corregir y aprobar la transcripción de evidencia. Ésta y el legajo de sentencia constituyen la transcripción de autos. Empero, una vez elevada a este Tribunal esa transcripción de autos, solamente nosotros podemos autorizar cualesquiera enmiendas, adiciones o correcciones a la misma. De ahí nuestra aludida resolución de 2 de noviembre de 1954 señalando para vista la moción de los apelados y ordenando al tribunal sentenciador que se abstuviera de considerarla.

No debemos dictar la orden solicitada por los fiscales, interesando la reconstrucción de los hechos y la situación surgida con motivo de la aludida orden del Tribunal Superior. Los autos que se elevan a este Tribunal deben hablar por sí mismos y son los únicos que servirán de base a la consideración de los asuntos que nos son sometidos. Si esos autos son deficientes y es necesario corregirlos en alguna forma, al llamársenos la atención al respecto, con frecuencia autorizamos su corrección, siempre que ella sea menester para la solución del problema que se nos plantea. No obstante, según dijimos en *Pérez Hermanos* v. *Arenas*, 30 D.P.R. 102, los errores que se corrigen por medio de moción bajo las reglas 55 y 56 del Reglamento vigente—la primera de ellas era similar a la regla 13 antes copiada—son los que pueden haberse cometido en las copias y que aparezcan evidentes, o aquéllos que consistan en omisiones de partes de un documento original, de los autos en general o de algún otro documento independiente, propio o necesario para la apelación. Véase también *Crosas* v. *Gutiérrez*, 19 D.P.R. 1146.

En este caso El Pueblo no solicita la corrección de los autos con el propósito de traer ante nos algo que en realidad de verdad ocurrió durante el juicio. Por el contrario, lo que pide es que para fines de la apelación se reproduzca una escena con el fin de que pueda hacerse una descripción o tomarse una fotografía de la misma, sin haberse hecho lo uno ni lo otro en el momento del juicio. Eso no equivaldría a corregir los autos; ello equivaldría a crear para fines de la apelación un incidente que nunca tuvo lugar durante el juicio. Nuestro deber es limitarnos a la transcripción de lo que realmente sucedió durante el juicio.

Las partes debieron anticipar que en caso de apelación tal orden podía ser objeto de una imputación de error al tribunal sentenciador. Muy bien pudieron hacer constar en récord la distancia a que se hallaban los acusados de sus defensores y cualquier otro dato relacionado con dicha orden. Pudieron insistir también en que se tomara la fotografía de marras.

Nada de eso hicieron y no debemos ejercitar ahora nuestra discreción en su favor.

*Considerada la moción de los fiscales como sometida a este Tribunal para su resolución, la misma debe ser declarada sin lugar, denegándose en su consecuencia la corrección de los autos por ellos interesada.*